UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-62464-CIV-COHN/SELTZER

PAULA GRACE WILLIS,

    Plaintiff,

v.

DHL GLOBAL CUSTOMER SOLUTIONS
(USA), INC.,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S VERIFIED ITEMIZED BILL OF COSTS

**THIS CAUSE** is before the Court on Defendant DHL Global Customer Solutions (USA), Inc.'s Verified Itemized Bill of Costs [DE 45] ("Bill of Costs"). The Court has considered the Bill of Costs, and the record in this case, and is otherwise fully advised in the premises. The Court notes that Plaintiff Paula Grace Willis has not filed a response, and the time for doing so has passed.

On November 24, 2010, Plaintiff filed this action in the Circuit Court of the 17th Judicial Circuit in and for Broward County Florida. See Complaint [DE 1 at 9-18]. On December 20, 2010, Defendant removed the action to this Court. See Notice of Removal [DE 1 at 1-3]. Thereafter, on October 7, 2011, the Court entered an Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment [DE 40] and a Partial Judgment [DE 41] as to the federal claims. The same day, the Court entered an Order of Remand [DE 42], remanding the remaining state law claims to state court, and closing the case.

On November 7, 2011, Defendant filed the instant Bill of Costs, requesting that the Clerk tax certain costs against Plaintiff. A court may only tax costs as authorized by

statute. See Mathews v. Crosby, 480 F.3d 1265, 1276 (11th Cir. 2007). Defendant seeks costs pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920. Rule 54 states that costs "shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ." Fed. R. Civ. P. 54(d)(1). Section 1920 provides that a court may tax as costs the following specified items:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The presumption is in favor of awarding costs. Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir. 1991).

Defendant's Bill of Costs requests that the Clerk tax the following costs against Plaintiff:

| | |
|---|---|
| Fees for Clerk and Marshal ................................................. | $ 350.00 |
| Fees for Court Reporters ..................................................... | $ 1246.80 |
| Fees for Printing and Witnesses ......................................... | $ 579.57 |
| Fees for Exemplifications .................................................... | $ 46.80 |
| TOTAL: | $ 2223.17 |

In support of its request, Defendant submits itemized bills for each charge [DE 45-1].

Upon review of the Bill of Costs and all supporting documentation, the Court finds that Defendant is entitled to recover taxable expenses and costs in the amount of $2223.17. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendant DHL Global Customer Solutions (USA), Inc. Verified Itemized Bill of Costs [DE 45] is **GRANTED**;

2. Defendant is awarded $2223.17 in costs;

3. The Court shall enter a separate judgment.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 2nd day of December, 2011.

_____
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF